Milligan, J.,
delivered the opinion of the court:
This action is prosecuted to recover an additional bounty of $50 which the claimant alleges is due him under the Act July 28, 1866. (14 Stat. L., p. 322, § 13.)
The facts on which the case rests are very few and simple. On the 4th of August, 1862, the claimant enlisted in the United States Army for the period of three years, or during the war. He served without exception to his character as a soldier until the 10th of February, I860, when he was regularly discharged u by reason of having received an appointment as clerk in the Adjutant-General’s Office.”
The claim was presented on the 20th of September, 1870, to the Second Auditor for adjustment, having been about a year previous refused by the Paymaster-General. The Auditor also refused to allow it, on the ground that the claimant was discharged by way of favor, and the Second Comptroller concurred in this decision.
Under this state of facts the case comes into this court, and although it is small in amount, it is important as possibly affecting a class of cases by the rule we establish in its decision: and we have therefore endeavored, by a careful examination of the leading statutes granting bounties to soldiers, to develop the policy of the Government in their bestowal, and, at the same time, to determine the claimant’s right under the laws of the United States to a recovery in this case.
The bounty laws are in pari materia, and make but one system of laws, which must be construed with reference to each statute. The same policy runs through the entire system, which may be resolved into two leading objects: First, to induce mfeiito enlist; and, second, to induce them when enlisted faithfully to perform military service during the term of their enlistment.
The earlier statutes, beginning with the Act March 3, 1791, and coming down to the Act March 3, 1795, seem to have been *527 enacted to encourage men to enlist, and the soldier became entitled to the bounty on his enlistment. Afterward, running on down to the Act December 24,1811, a portion of the bounty was payable to the soldier on enlistment, and the remainder after he had joined the corps in which he was to serve. In addition to the bounty here mentioned, the act of December 24, 1811, allowed to the. soldier a further bounty upon his discharge from the army, upon a certificate that he had faithfully performed his duty while in the service.
The principles of this act, (December 24, 1811,) and substantially its provisions, are carried down through all the subsequent legislation on this subject to the Act March 3, 1865.
Some of the acts containing the provisions above referred to may be found in 1 Stat., pp. 222, 242, 430, 484, 558, 604, 751; 2 Stat., 669, 672, 792; 3 Stat., 147; 4 Stat., 647; 5 Stat., 260; 9 Stat., 118, 125, 184, 439; 10 Stat., 701.
After the passage of the Act March 3,1855, the legislation on this subject seems to have ceased until after the inauguration of the rebellion, when it was resumed again, and carried down to the 3d of March, 1869.
The Act July 22, 1861, (12 Stat. L., p. 268,) comes first in order of time, and provides, in the fifth section, that every volunteer, non-commissioned officer, private, &c., who enters the military service under this act, shall be allowed when honorably discharged, if he shall have served for a period of two years, or during the war, if sooner ended, a bounty of $109. By the fifth section of the Act July 29, 1861, (12 Stat. L., p. 280,) the same bounty is authorized to be paid to men enlisted in the regular forces after the 1st of July, 1861. The sixth section of the Act July 5, 1862, (12 Stat. L., p. 509,) provides that section 5 of the Act July 22, 1861, and section 5 of the Act July 29, 1861, shall be so construed as to allow $25 of the bounty of $100 therein provided to be paid immediately after enlistment to every soldier of the regular and volunteer forces to be enlisted during the continuance of the existing war.
The general provisions of these acts, authorizing a soldier’s bounty to be paid in part at the time of his enlistment, or when he joins his regiment, and the remainder at the expiration of the term of his enlistment, are carried down into the Acts July 17,1862, (12 Stat., 598;) March 3,1863, section 18, (12 Stat. B., p. 734;) and March 3, 1863, section 7, (1.2 Stat. L., p. 743.)
*528 Following these several statutes come the Joint Resolutions No. 3, approved December 23 1863, (13 Stat. L., p. 399;) No. 5, approved January 13, 1864, (13 Stat. L., p. 400;) and No. 17, approved March 3, 1864, (13 Stat. L., 403,) under which the Secretary of War issued General Order No. 191, for recruiting veteran volunteers, by which a bounty or premium of $402 was offered to every soldier who should re-enlist or be mustered into the service as a veteran for three years, or during the war, a part of which was payable upon being mustered into service, another installment at the first regular pay-day, or two months after being mustered in, and another at the first regular pay-day after six months’ service, and so on at intervals of six months until the expiration of the three years’ service. This order contained a provision that if the Government should not require these troops for the full period of three years, and they should be mustered honorably out of the service before the expiration of the term of their enlistment, they should receive, on being mustered out, the whole amount of bounty remaining unpaid, the same as if the full term had been served out.
And by another order of the War Department, issued December 23, 1863, the six-months men then in service who desired to re-enlist for three j’ears or during the war were offered a bounty of $300, part of which was to be paid upon being re-mustered into the service, and the remainder in installments at periods corresponding with those designated in the previous order. This order contained a provision that payment would be made to the troops thus re-enlisted of the whole amount of bounty remaining unpaid, should the Government not require their services for the frill period of three years, and should they be mustered honorably out of the service before the expiration of their term of enlistment.
Next in order comes the Act July 4, 1864, (13 Stat. L., p. 379, § 1,) which authorizes the President to call for any number of volunteers for the respectives terms of one, two, and three years; and every volunteer under this act who was accepted and mustered into the service for a term of one year, unless sooner discharged, was entitled to receive a bounty of $100; and if for two years, unless sooner discharged, $200; and if for three years, unless sooner discharged, $300; one-third of which became payable to the soldier at the time he was mustered’into *529 the service, one-third at the expiration of one-half bis term of service, and the other one-third at the expiration of his term of service.
Following this act comes the Act July 28, 1866, (14 Stat. L., p. 322,) under which this suit is prosecuted. The twelfth section provides that every soldier who enlisted into the Army of the United States after the 19th day of April, 1861, for a period of not less than three years, and, having’ served the time of enlistment, has been honorably discharged, and who has received, or is entitled to receive, under existing’ laws, a bounty of 6100, and no more, shall be paid an additional bounty of $100.
The provisions of this section are extended to soldiers enlisted for not less than three years who have been honorably discharged on account of wounds received while in the line of their duty; and also to the widows, minor children, or parents of those who died in the service, &c.
The thirteenth section, on which the claimant chiefly relies, provides that each and every soldier who enlisted in the Army of the United States after the 14th day of April, 1861, for a period of not less than two years, and who is not included in the foregoing section, and has been honorably discharged, after serving two years, and who has received, or is entitled to receive, under existing laws, a bounty of $100, and no more, shall be paid an additional bounty’of $50.
The provisions of this section, like those of the twelfth section, are extended to soldiers who have been honorably discharged on account of wounds, and to the widow, minor children, or parents in case of death, &c.
The last act of importance on the subject of bounties was the Act March 3, 1869, (15 Stat. L., p. 334.) The first section of this act declares that when a soldier’s discharge recites that he is discharged by reason of “ expiration of term of service,” he shall be held to have completed the full term of his enlistment, and entitled to a bounty accordingly.
The third section requires that all claims for additional bounties under the twelfth and thirteenth sections of the Act July 28, 1866, shall, after the 1st day of May next, (1869,) be settled by the accounting officers of the Treasury under the provisions of that act, and such as may be remaining in the Paymaster-General’s Office unsettled on the 1st of May shall be referred'to the Second Auditor of the Treasury for settlement.
*530 And by the fourth section all claims for bounty under the twelfth and thirteenth .sections of the Act July 28, 1806, are declared void unless presented in due form prior to the 1st day of December, 1809.
Treating this case as having been presented for settlement within the time prescribed by the statute, and that our jurisdiction over it is complete, we come now to apply the principles drawn from the several statutes before cited to the facts on which it rests.
The various acts of Congress on the subject of soldiers’ bounties, as before stated, constitute but one system of legislation. They are all in pari materia, and must be construed together. Yiewing them in this light, there is obviously one principle which runs through the whole system, and that is, all bounties which are made payable either in installments or at times subsequent to the time when the soldier enlisted or joined his regiment, are dependent on faithful service actually rendered according to the terms of enlistment. There is nothing in any of the acts of Congress contravening this idea. They are all substantially in this respect the same. The language employed in some of them is to the effect that bounty is to be paid upon a certificate that the soldier has faithfully performed his duty while in the service, or he is to be paid upon an honorable discharge after serving out his term. The orders of the War Department, sanctioned by the joint resolutions of Congress, clearly require there should be actual service by the soldier in order to entitle „him to receive the installments of bounty payable at times subsequent to his enlistment, and that the performance of this service is a condition precedent to the soldier’s right to receive these installments of bounty.
The Act July 22, 1861, it is true, with its amendments and additions, as well as the joint resolutions of Congress and the Act July i, 1861, authorize the payment of bounties in certain cases before the soldier has actually served the term of his enlistment; but these are exceptional cases, dependent, by the words of the law, upon the soldier’s discharge on account of wounds or other disabilities received while in the line of his duty or the termination of the war. But there is no provision of law which authorizes a soldier to receive bounty when he has quit the service in any other way, before the expiration of his term of enlistment, than those specified in the statutes, *531 unless, by implication, tbe Act July 28, 1856, confers this right.
In examining the twelfth and thirteenth sections of this act, it may be admitted that the claimant had not received, nor was he entitled to receive, under existing laws, a bounty of more than $100, and that he entered the Army of the United States after the 14th of April, 1S61, for a period of three years, or during the war, and faithfully served more than two years of the term of his enlistment, when he was discharged “ by reason of having received an appointment as clerk in the Adjutant-General’s Office.”
Under these facts the whole case turns on the construction to be given to the twelfth and thirteenth sections of the Act July 28,1806. This act was passed after active hostilities had ceased, and the reasons which prompted its passage are apparent from the previous legislation upon this subject. In the beginning of the war of the rebellion the bounties offered for enlistments were small as compared with those subsequently given for the same service. The Act July 22,1861, for instance, gave a bounty of only $100 to volunteers (afterward extended to men enlisted in the regular forces) who entered the Army for a period of two years, or during the war; while under the joint resolutions of Congress approved in December, 1863, and January and March, 1864, the Secretary of War offered a bounty or premium to those who should re-enlist or be mustered into the service as veterans for three years, or during the war, of $402. Common justice, as well as sound policy, demanded that the Government should equalize its munificence, and give to each soldier, as near as practicable, equal compensation for the same service. The act of July 28, 1866, was intended not only to accomplish this end, but to reward fidelity in soldiers who had fulfilled their contract of enlistment.
It makes no change in the general principles recognized in former acts, except when construed in connection with them it grants an additional bounty to soldiers who had served the respective periods mentioned in the twelfth and thirteenth sections of said act, and been honorably discharged for the alleged reason of the expiration of their term of service, although the full term of their enlistment had not expired. In such eases the contract of enlistment, being-in the alternative for a given number of years, or during the war, was completely *532 fulfilled when the Government discharged them, because of its own convenience, at the end of the war, and they thereby became, if in all other respects they were within the provisions of the twelfth or thirteenth sections of said act, entitled to the additional bounty therein provided. (See Attorney-General Hoar’s opinion, January 19, 1870. Digest of Bounty Laws, p. 90.)
The claimant enlisted for the term of three years, or during the war, but neither actually or constructively fulfilled the contract. of his enlistment, and cannot therefore recover in this suit. To hold otherwise would be to contravene one of the leading purposes of all the bounty-laws enacted by Congress, and to reward soldiers for quitting the service before they had faithfully and legally fulfilled the contract of their enlistment.
The petition must be dismissed.
Losing, J., did not sit at the trial of this case, and took no part in the decision.